UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SPEED,

                             Petitioner,                      04 cr 336 (PKC)

     -against-                                         ORDER

UNITED STATES OF AMERICA,

                             Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Robert Speed now moves to reduce his sentence pursuant to the 2023 retroactive amendment to the Guidelines, Amendment 821, and pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF 121.) Speed is serving a sentence of principally 420 months' imprisonment, has served over 22 years of the sentence and his projected release date is November 29, 2031.[1] Speed was a member of a two-man team that carried out violent robberies of homes and businesses across Long Island, New Jersey, and Connecticut. (PSR at ¶ 33.) Speed's coconspirator testified that he had committed over 160 robberies, with Speed participating in at least 90 percent of them.

---

[1] On November 9, 2005, a jury convicted Speed of seven counts of an eight-count indictment. (Superseding Indictment (ECF 55); Trial Tr. (ECF 114, Ex. 4) at 1811-16.) Speed was convicted on Count One, a substantive racketeering charge, in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c); Count Two, racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); Count Three, possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(ii) and 2; Count Four, unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); Count Five, conspiracy to transport stolen goods in interstate commerce and to sell stolen goods, in violation of 18 U.S.C. § 371; Count Six, interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 and 2; and Count Seven, possession and sale of stolen property, in violation of 18 U.S.C. § 2315 and 2. (Presentence Investigation Report ("PSR") (ECF 114, Ex. 1).) The jury acquitted Speed on Count Eight, which charged a Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a). (ECF 55; Amended Judgment (ECF 75).)

(Id. at ¶ 34.) Several of the robberies involved threats of violence and brandished firearms. Victims were tied up, punched, sprayed with pepper spray, dragged, and/or struck with weapons. (Id. at ¶¶ 33–58.)

Amendment 821

The Court has received a Supplemental Presentence Report from the Office of Probation that considers Speed's eligibility under Amendment 821. (ECF 133.) It notes that defendant received an enhancement for committing the offense while under a criminal justice sentence and, accordingly, is not eligible for the status point recalculation. Speed had a criminal history score of 6 points and was in Criminal History Category VI. Probation reports that he is ineligible for the zero-point offender reduction.

The Court adopts the conclusions of the Supplemental Presentence Report and further concludes that Speed is ineligible for a sentence reduction under Amendment 821 because his Total Offense Level and Criminal History Category do not change as a result of the amendment.

Extraordinary and Compelling Reasons

Speed, represented by counsel, previously sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(a)(i), arguing that his lengthy Guidelines Range would be lower today and that COVID-19 and harsh prison conditions warranted a reduction. "Taking full account of Speed's medical condition, the conditions at F.C.I. Fort Dix [where he was then incarcerated], the lower Guidelines that would apply today, his post-conviction conduct and the section 3553(a) factors," the Court denied the motion. (ECF 125.)

The Court now considers Speed's renewed motion.

A. <u>Exhaustion</u>

Provided the exhaustion requirement is met, a court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Speed applied to the Warden of the facility for a sentencing reduction and the request was denied. (ECF 132-1.) Thus, he has satisfied the statutory exhaustion requirement.

B. <u>Standard For Granting a Reduction.</u>

Section 3582(c) explicitly prohibits a modification of a sentence unless one of the limited exceptions applies. Speed invokes the "extraordinary and compelling reasons" exception. 18 U.S.C. § 3582(c)(1)(a)(i). In reviewing a motion invoking this exception, the Court may consider all circumstances in combination or in isolation, except that rehabilitation alone, may not be the ground for a reduction. <u>See</u> <u>United States v. Brooker</u>, 976 F.3d 228, 237-38 (2d Cir. 2020).

A Policy Statement issued by the United States Sentencing Commission effective November 1, 2023 present helpful guidance to a Court considering a motion to reduce a sentence for extraordinary and compelling reasons. U.S.S.G. § 1B1.13 (amended eff. Nov 1, 2023). The Guideline address in some detail considerations relating to the "Medical Circumstances of the Defendant," "Age of the Defendant," "Family Circumstances of the Defendant," "Victim of Abuse," "Unusually Long Sentence" and "Other Reasons."

In addition to arguing that he has received an "Unusually Long Sentence," Speed, age 56, urges that he has an intestinal infection that increases the risk of and/or probability that he has prostate cancer. As he put it in his letter to the Warden of FMC Lexington, "I am not receiving the proper medical care for an enlarged prostate that I've been suffering from since

2018." (ECF 132-1.) He asserts that he has been denied an MRI that would allow the detection of cancer before a biopsy and notes that his PSA has risen from 2.2 to 5.44. (Id.)

The medical records that he has furnished indicate that in September 2021 he was considered as a candidate for a biopsy of the prostate gland or an MRI of his prostate, potentially followed by a biopsy. An October 19, 2021 treatment refusal form indicated that he was refusing the biopsy and opting for an MRI. As of March 30, 2022 he was receiving Flomax .8 mg for the enlarged prostate and the report indicates that the enlargement was due to a history of "Benign neoplasm of the prostate." (ECF 132 at 49.)

Speed claims that he has not received the MRI of the prostate gland. There is no indication from the medical records furnished by Speed that he has received an MRI or that an MRI or biopsy are no longer needed.

CONCLUSION

Speed's motion for a sentence reduction based upon Amendment 821 to the Sentencing Guidelines is DENIED.

With respect to Speed's motion for a sentence reduction for extraordinary and compelling reasons, the Court ORDERS the government to respond within 30 days of this Order. Speed may reply 21 days thereafter.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 15, 2024

COPY MAILED TO: Robert Speed, Reg. No. 56145-054, FMC Lexington, Federal Medical Center, P.O. Box 14500, Lexington, KY  40512