UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

04-cr-336 (PKC)

-against-

ORDER

ROBERT SPEED,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Robert Speed, who is proceeding pro se, moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), principally citing to an ongoing prostrate condition that he contends has been insufficiently treated by the Bureau of Prisons and medical staff. For the reasons that will be explained, the motion will be denied.

Speed previously moved for a reduction of his sentence under section 3582(c)(1)(A)(i). (ECF 121.) At the time that motion was filed, Speed's appeal of the Court's denial of relief pursuant to 28 U.S.C. § 2255 was pending before the Second Circuit. (See ECF 125.) Noting that the Court arguably lacked jurisdiction to decide the motion while that appeal was pending, the Court issued an indicative ruling stating that if jurisdiction were restored, it would deny the motion for a sentencing reduction. (ECF 125.)

The Court need not recount the circumstances of Speed's conviction and sentence, which are summarized in the Court's prior Order. (ECF 125 at 4-7.) The present motion was filed on January 29, 2024, and describes a prostate condition that has deteriorated since first being observed in 2018. (ECF 132 at 7-14.) Bloodwork reflected an increase in Speed's

prostate-specific antigen, or "PSA," count, and a medical provider told Speed that he was suffering a benign neoplasm of the prostate. (Id. at 10-11.) In October 2021, a medical provider recommended that Speed obtain an MRI and then undergo a prostate biopsy, but Speed reports that the Bureau of Prisons staff denied the MRI. (Id. at 11.) An assistant warden informed Speed that a physician had recommended that Speed undergo a biopsy as opposed to an MRI, but Speed reports that receiving an MRI is a precondition to any biopsy. (Id. at 12.)

Speed reports that in 2022, he was transferred to a new facility, where his PSA levels were found to have spiked again. (Id. at 13.) He states that without explanation, his prescription for Dotazosin, which had been helping with his condition, was discontinued. (Id.) Speed states that there is a "high probability that I have cancerous growth on or within my prostate that is causing my PSA levels to increase." (Id.)

The government has submitted medical records under seal. A report of April 1, 2024 reflects that an MRI was ultimately administered to Speed and that he was assessed as "PIRADS 2 Low (clinically significant cancer is unlikely to be present)."[1] (Govt. Mem. Ex. B. at 119-20.)

In subsequent filings, Speed reports that he is "still suffering from slow urine flow" and argues that the Bureau of Prisons "has written off my enlarged prostate problem" because there has been no finding of cancer. (See ECF 137.) He also casts doubt on records that reflect a decline in his PSA numbers. (Id.) In a letter of August 6, 2026, which was sent directly to Chambers, Speed reports that he has been unable to renew a prescription for antibiotics for treating a prostate infection. A letter of September 23, 2026 advises that he has been diagnosed with chronic prostatitis and that blood has been detected in his urine. Attached medical records

[1] The MRI was administered approximately two months after Speed filed this motion.

reflect that Speed was examined in August 2026 and that adjustments were made to his prescribed medications.

"Before it can reduce a term of imprisonment or release a defendant under § 3582(c)(1)(A), a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" United States v. Jones, 17 F.4th 371, 374 (2d Cir. 2021) (alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). District courts have "broad discretion" when considering such motions and are free to "consider the full slate of extraordinary and compelling reasons that may warrant an imprisoned person's release." United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (citation and internal quotation marks omitted). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason'" for a sentence reduction. United States v. Brooker, 976 F.3d 228, 237-38 (2d Cir. 2020) (emphasis in original) (quoting 28 U.S.C. § 994(f)).

A Policy Statement of the United States Sentencing Commission effective November 1, 2023 provides guidance to a court considering a motion to reduce a sentence. U.S.S.G. § 1B1.13 (amended eff. Nov. 1, 2023). The Policy Statement provides several categories of medical conditions that may provide "extraordinary and compelling reasons" to reduce a term of imprisonment. First, that the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." Id. § 1B1.13(b)(1)(A). Second, that the defendant is "suffering from a serious physical or medical condition," "a serious functional or cognitive impairment" or "experiencing deteriorating physical or mental health because of the aging process" and that, for each of these,

it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13(b)(1)(B). The third alternative is that the defendant is suffering "from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Id. § 1B1.13(b)(1)(C). Finally, that the defendant is "housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency" and "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death" from the disease, the risk of which "cannot be adequately mitigated in a timely manner." Id. § 1B1.13(b)(1)(D).

Speed's motion reflects frustration with the responsiveness of Bureau of Prisons officials to his medical needs, the variable nature of his diagnoses, and the ability to obtain timely and efficacious prescriptions as his prostate condition fluctuates. But the records submitted by both Speed and the government reflect that Speed has obtained ongoing medical care from health providers who are aware of his condition and working to remediate it. Speed has not identified a health condition that amounts to an extraordinary and compelling reason to reduce his sentence nor a failure to provide medical care that puts him at risk of a serious deterioration in health or of death. See U.S.S.G. § 1B1.13(b)(1)(B), (C); see also United States v. Murillo-Bejarano, 2025 WL 754120, at *3 (S.D.N.Y. Mar. 10, 2025) (enlarged prostate and chronic urinary tract infections are not extraordinary and compelling circumstances that warrant sentence reduction) (Berman, J.); United States v. Martinez, 2021 WL 5605137, at *1 (S.D.N.Y. Nov. 30, 2021) (denying motion for a sentence reduction and describing an enlarged prostate as

"quite common and not life-threatening") (Stein, J.); United States v. Risher, 2026 WL 1862339, at *2 (E.D.N.Y. June 29, 2026) (describing "an elevated Prostate Specific Antigen" as "quite typical for a 53-year-old man [that does] not rise to the level of severity envisioned by the Guidelines") (Block, J.).

Separately, in a letter dated January 20, 2026, Speed reports that his mother, who is approximately 85 years old, had recently been found disoriented in her home. (ECF 140.) He reports that his mother was then diagnosed with pneumonia, influenza and early-stage dementia. (Id.) He reports that his mother resides with his brother. (Id.) Speed advises that his brother faces a criminal charge of driving while impaired after he crashed into a non-moving car. (Id.)

The Policy Statement provides that an extraordinary and compelling circumstance may arise due to "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C). Speed has not made out a showing of his mother's incapacitation or demonstrated that he is the only available caregiver.

The Court has also considered the balancing of the section 3553(a) factors as they exist today. The passage of time, defendant's age, the condition of his prostate and his mother's condition do not materially affect the section 3553(a) analysis. As outlined in this Court's Order of March 22, 2021 (ECF 125), Speed's crimes were violent and he showed no mercy to his victims. The section 3553(a) factors continue to weigh strongly against granting Speed a sentence reduction, even if he had shown extraordinary and compelling reasons, which he has not.

Speed's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 6, 2026

COPY MAILED TO:
Robert Speed
Reg. No. 56145-054
FCI Oakdale I
Federal Correction Institution
P.O. Box 5000
Oaxdale, LA 71463